UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Spidel Browder, | No. 15-cv-04071 (PAM/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lino Lakes, and Department of Corrections, | |
| Respondents. | |

Spidel Browder, #242935, 7525 4th Ave, Lino Lakes, MN 55014, Petitioner, pro se

Jean E. Burdorf, Esq., and Linda M. Freyer, Esq., Hennepin County Attorney's Office, counsel for Respondents

JEFFREY J. KEYES, United States Magistrate Judge

In December 2013 a Hennepin County jury found the petitioner Spidel Browder guilty of aiding and abetting third-degree criminal sexual conduct. *State v. Browder*, No. A13-1863, 2015 WL 853446, at *2 (Minn. Ct. App. Mar. 2, 2015). The Hennepin County District Court sentenced Browder to a 74-month prison term. *Id.* Browder now seeks a writ of habeas corpus under 28 U.S.C. § 2254 and argues either that he should be granted a new trial, or that his conviction should be vacated and he should be released. (Doc. No. 1, Pet. 15.) Based on the Court's review, this Court concludes that Browder's habeas petition should be dismissed.

## BACKGROUND

The Minnesota Court of Appeals provided a detailed description of the events leading up to Browder being charged with aiding and abetting third-degree criminal sexual conduct. *Browder*, 2015 WL 853446, at *1–2. We will not repeat all of those events here. To summarize, in July 2013, Browder was drinking alcohol all day, and in the evening he met up with another

man, Joseph Carlson.  The two then encountered a group of people that included the victim J.H.B.  *Id.* at *2.  Over the course of the day, J.H.B. had become very intoxicated, and toward the end of the evening she got separated from her friends and was alone with Carlson and Browder. *Id.* at *1–2.  Testimony of several witnesses at trial established that Carlson engaged in sexual contact with J.H.B. while Browder held J.H.B. upright.  *Id.* at *2.  Witnesses contacted police to report a suspected sexual assault, and Browder was ultimately arrested and charged with aiding and abetting third-degree criminal sexual conduct.

At trial Browder asked the district court to instruct the jury concerning voluntary intoxication, which the district court denied because: "(1) third-degree criminal sexual conduct . . . is not a specific-intent crime; (2) aiding and abetting is not a specific-intent crime; and (3) Browder did not offer intoxication as an explanation for his actions."  *Browder*, 2015 WL 853446, at *2.  On appeal, Browder argued that district court's decision not to instruct the jury on this issue was error.  Analyzing the factors under Minnesota law tfor requiring such a jury instruction to be given, the Minnesota Court of Appeals concluded that aiding and abetting third-degree criminal sexual conduct is a specific-intent crime and that Browder satisfied his burden of producing evidence on his claim that he was intoxicated.  However, the court concluded that he was not entitled to such a jury instruction because he did not offer intoxication as an explanation for his actions and instead denied that he had engaged in any wrongful conduct at all.  *Id.* at *3–5.

Browder also raised several arguments in a pro se supplemental brief to the Minnesota Court of Appeals.  Among those arguments, he asserted a claim that the jury was coerced into reaching a guilty verdict by several experts who testified at his trial.  *Browder*, 2015 853446, at *5.  The Court of Appeals interpreted this argument "as a challenge to the admissibility of the

expert testimony given by the witnesses." *Id.*  The court rejected this argument because Browder did not identify any inadmissible or prejudicial testimony that came out at trial. *Id.*  Further, the court explained that "by failing to make any legal argument or cite to any relevant legal authority, Browder has waived this argument." *Id.*

In addition, Browder argued that there was insufficient evidence to support the guilty verdict based on several witnesses' allegedly inconsistent testimony.  The Minnesota Court of Appeals rejected this argument on grounds that the jury, as the fact-finder, was free to believe or disbelieve any portion of any witness's testimony. *Id.* at *6.  Browder also contended that the prosecutor engaged in misconduct during closing argument in four distinct ways.  However, because Browder had not objected on these issues at trial, the Court of Appeals conducted a plain error review and concluded that each alleged instance of prosecutorial misconduct was not plain error. *Id.* at *6–7.  Having rejected each of Browder's arguments, the court affirmed his conviction and sentence. *Id.* at *7.

Browder petitioned the Minnesota Supreme Court for further review.  (Doc. No. 1-5.)  He raised the same issues that he raised at the Minnesota Court of Appeals.  (*Id.*)  The Minnesota Supreme Court denied his petition for review on May 19, 2015.  *State v. Browder*, A14-0595 (Minn. May 19, 2015) (Order denying PFR), http://macsnc.courts.state.mn.us/ctrack/docket/docketEntry.do?action=edit&deID=794572&csNameID=77952&csInstanceID=90033&csIID=90033; (Doc. No. 8, Resp't's App. 493.)

Browder commenced this case on November 10, 2015.  (Doc. No. 1, Pet.)  In his habeas petition, Browder raises the following five claims:

1) Did the district court abuse its discretion when it refused to instruct the jury on the defense of voluntary intoxication?

2) I feel my jury was coerce[d] into reaching a guilty verdict by many expert witnesses.

. . . .

3) I do not believe that there was sufficient evidence to convict me because the police officers and other witnesses testified inconsistently.

4) The prosecutor's repeated and serious misconduct deprived [Browder] of his right to a fair trial. A prosecutor must ensure their [sic] conduct does not jeopardize the defendant['s] right to a fair trial.

5) Petitioner moves the district court for a correction and reduction of his sentence pursuant to the Minn. R. Crim. P. Rule, 27.03 subd. 9. Petitioner argues that the P.S.I. Report is incorrect and unauthorized by law.

(Doc. No. 1-7 at 5–6.)

The respondents moved to dismiss the first four of Browder's claims on grounds that they are procedurally defaulted. They contend that Browder failed to fairly present the federal nature of these claims at each stage of the direct appeal process. (Doc. No. 7, Resp't's Mem. 2–3.) The respondents also assert that although Browder's fifth claim above is unexhausted, the Court should not dismiss the entire petition as a mixed petition because Browder's fifth claim presents only an issue of pure state law for which federal habeas relief is unavailable. (*Id.* at 2.)

## DISCUSSION

**I.     Legal Standards**

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti–Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d)(1)–(2).

The United States Supreme Court explained the meanings of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412–13. A state court decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "A federal court may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005) (quoting *Williams*, 529 U.S. at 411).

Habeas relief in federal courts is only available where a prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Armstrong v. State of Iowa*, 418 F.3d 924, 925–26 (8th Cir. 2005). The purpose of this requirement is to give states the first chance to correct federal constitutional errors raised by state prisoners. *O'Sullivan*, 526 U.S. at 844–45; *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). The prisoner satisfies this requirement when he fairly presents the claim to the state courts by referring to a specific federal constitutional right, a federal case, or a state case which raises a pertinent federal

5

constitutional issue.  *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005); *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996).

Moreover, if a petitioner fails to exhaust available state remedies on a claim, and if the state courts will no longer hear the claim under a state procedural rule, the claim is procedurally defaulted for purposes of habeas review.  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995).  For a state procedural rule to bar a claim from federal habeas review that state procedural rule must be firmly established and regularly followed.  *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995).  Under Minnesota law, if a defendant has had a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief."  *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976).  Further, a petitioner can have the federal court consider the merits of a procedurally defaulted claim only where he "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law," or shows that he is actually innocent (the latter of which is not an issue in this case).  *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002).

**II.     Browder's First Four Claims – Voluntary Intoxication Jury Instruction, Juror Coercion Through Expert Testimony, Insufficient Evidence And Inconsistent Testimony, and Prosecutorial Misconduct**

   **A.  Browder never presented the federal nature of his jury-instruction and expert-testimony claims to the state courts**

Browder never presented two of his claims as federal claims during his direct appeal.  Browder's first claim concerns the state court's failure to instruct the jury regarding voluntary intoxication.  When Browder raised his voluntary-intoxication-jury-instruction claim in the Minnesota Court of Appeals, he made the claim based entirely on state law.  (Resp't's App. 359–77.)  He did not directly reference a federal constitutional right, a federal case, or a state case

which raises a pertinent federal constitutional issue. The same is true of his petition for review to the Minnesota Supreme Courts. (*Id.* at 472–78.) Thus, Browder did not fairly present this jury-instruction claim as a federal claim in the state courts. The same is true of Browder's claim that the jury was coerced by the testimony of expert witnesses. Browder raised this issue in a pro se supplemental brief to the Minnesota Court of Appeals, but he did not reference a federal constitutional right, a federal case, or a state case which raises a pertinent federal constitutional issue in discussing any of these claims. (Resp't's App. 378–96.) Nor did he raise a federal constitutional basis for this claim in his petition for review to the Minnesota Supreme Court. (*Id.* at 472–78.) Therefore, Browder failed to fairly present his expert-testimony claim as federal constitutional claim at each stage of his direct appeal in the state courts.

Under *Knaffla*, Browder would now be barred from presenting any federal constitutional issue that might relate to his voluntary-intoxication and expert-testimony claims in Minnesota's courts, and as a result these claims meet the technical requirements for exhaustion, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), but such claims are still barred from habeas review by the doctrine of procedural default. This is the case because *Knaffla* prohibits a prisoner from presenting a claim in a state postconviction proceeding where the prisoner should have raise that claim during his direct appeal, but failed to do so. *Knaffla*, 243 N.W.2d at 741. In a federal habeas proceeding, when a petitioner is barred by *Knaffla* from bringing such known-but-unraised claims in a state postconviction proceeding, they are procedurally defaulted. *Murray v. Hvass*, 269 F.3d 896, 898–901 (8th Cir. 2001) (concluding that *Knaffla*'s procedural bar for such claims is firmly established and consistently followed, thus qualifying it as an independent and adequate state procedural rule that renders claims procedurally defaulted for federal habeas); *Buckingham v. Symmes*, No. 11-cv-2489 PJS/SER, 2012 WL 3611893, at *2 (D. Minn. Aug. 21,

2012) ("Claims barred from post-conviction review under *Knaffla* because they were not raised on direct appeal are procedurally defaulted for purposes of federal habeas review.") (citing *McCall v. Benson*, 114 F.3d 754, 757–58 (8th Cir. 1997)).

Browder has not attempted to show cause, which could excuse his failure to raise the federal nature of these claims, nor has he shown actual prejudice as a result of any alleged violation of federal law. Because *Knaffla* would prevent Browder from raising the known-but-not-raised federal nature of these two claims (to the extent they have a federal component at all), and because he has not shown cause for that default and actual prejudice, both of these claims should be dismissed.

**B.  Browder also procedurally defaulted his prosecutorial-misconduct claim**

The analysis regarding Browder's prosecutorial-misconduct claim is slightly different than that applicable to his voluntary-intoxication-jury-instruction and expert-witness claims, but his prosecutorial-misconduct claims is also procedurally defaulted. In his pro se supplemental brief to the Minnesota Court of Appeals, Browder did reference a specific constitutional right when discussing his prosecutorial-misconduct claim. He wrote:

> Under the state and federal constitutions, the defendant in a criminal case is entitled to due process of law, which includes the right to a fair trial. . . . A prosecutor may not seek a conviction at any price, but is a 'minister of justice' whose obligation is 'to guard the rights of the accused as well as to enforce the rights of the public.' . . . Thus, while a prosecutor 'may strike hard blows, he is not at liberty to strike foul ones.'

(Resp't's App. 392.) Because Browder explicitly cited his federal constitutional right to due process of law, Browder fairly presented the federal nature of his prosecutorial-misconduct claim to the Minnesota Court of Appeals.

But a petitioner must use "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. If a state has a "two-tiered system" with an intermediate

appellate court and a state supreme court that offers discretionary review (as is the case in Minnesota), then to preserve a claim for federal habeas review, the petitioner must present the federal nature of the claim at each level of that established appellate review process. *See id.* at 845–46 (examining the two-tiered system in Illinois).

Browder failed to do this. When he filed his petition for review in the Minnesota Supreme Court, Browder did not raise the federal nature of his prosecutorial-misconduct claim since he did not cite a federal constitutional provision, rely on federal case law, or cite to a state case addressing a pertinent federal constitutional issue. (Resp't's App. 473 (presenting the issue to the Minnesota Supreme Court as follows: "Did the prosecutor commit misconduct during closing arguments, thereby affecting petitioner's right to a fair trial?"); *id.* at 472–78 (no mention of federal constitutional provisions, federal cases, or state cases raising federal constitutional issues).) Thus, Browder failed to fully and properly exhaust his prosecutorial-misconduct claim, and he could not now pursue the claim further in a state postconviction proceeding under *Knaffla*. *Welch v. Lund*, 616 F.3d 756 (8th Cir. 2010) ("[A]s a consequence of [the petitioner's] failure to seek further review in the states supreme court , the claims are procedurally defaulted."). Accordingly, we conclude that this claim is procedurally defaulted. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[T]he prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *O'Sullivan*, 526 U.S. at 848–49 (concluding that the petitioner had procedurally defaulted his claims where he failed to properly present a claim to the Illinois Supreme Court in his request for discretionary review); *Hill v. Minnesota*, No. 14-cv-3337 (DSD/BRT), 2015 WL 4919952, at *4 (D. Minn. Aug. 11, 2015) (concluding that the petitioner's failure to properly exhaust a claim in state court by raising it

before the Minnesota Court of Appeals but failing to present it to the Minnesota Supreme Court meant that it was procedurally defaulted where *Knaffla* would make further attempts at full and proper exhaustion futile).

As with his jury-instruction and expert-witness claims, Browder did not attempt to show cause and actual prejudice that would allow the Court to consider the prosecutorial-misconduct claim despite his procedural default. Browder's prosecutorial-misconduct claim should be dismissed.

### C. Browder's insufficiency-of-the-evidence claim

Browder presents his third claim in his habeas petition as follows: "I do not believe that there was sufficient evidence to convict me because the police officers and other witnesses testified inconsistently." (Doc. No. 1-7 at 6.) The Minnesota Court of Appeals rejected this claim. It wrote:

> Browder argues that the evidence was insufficient to support the jury finding of guilt because of purported inconsistencies in the testimony of five witnesses. But "[i]nconsistencies in the state's case are not grounds for reversing the jury verdict." *State v. Robinson*, 604 N.W.2d 355, 366 (Minn. 2000); *see also State v. Suhon*, 742 N.W.2d 16, 20 (Minn. App. 2007) ("Inconsistencies in prosecution evidence do not require reversal."), *review denied* (Minn. Feb. 19, 2008). "[I]nconsistencies in testimony go to witness credibility, which is an issue for the factfinder, not [an appellate] court." *State v. Juarez*, 837 N.W.2d 473, 487 (Minn. 2013). "The jury is free to accept part and reject part of a witness's testimony." *State v. Mems*, 708 N.W.2d 526, 531 (Minn.2006). The jury was free to believe or disbelieve any portion of any witness's testimony, whether or not inconsistent with other testimony. Browder's argument therefore fails.

*Browder*, 2015 WL 853446, at *6. Browder also argued in his petition for review to the Minnesota Supreme Court that the evidence was insufficient to find him guilty beyond a reasonable doubt based on inconsistent witness testimony. (Doc. No. 1-5 at 2.)

The respondents contend that Browder's insufficiency-of-the-evidence claim should be dismissed as procedurally defaulted because he failed to alert the state appellate courts to the

10

federal nature of this claim.  (Resp't's Mem. 24–27.)  The respondents are correct that Browder failed to reference a federal constitutional provision, cite a federal case, or cite a state case referencing pertinent federal constitutional issue on this claim in his pro se supplemental brief to the Minnesota Court of Appeals or in his petition for review to the Minnesota Supreme Court.  (Resp't's App. 378–96 (Pro Se Suppl. Br. to the Minn. Ct. App.); *id.* at 472–78 (Pet. for Review to the Minn. S. Ct.)  However, the Eighth Circuit has held that "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction" that exhausts the claim in state court for purposes of federal habeas review.  *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992).  Because Browder technically fulfilled his requirement to fairly present this insufficiency-of-the-evidence claim at each level of his direct appeal in state court, we will not recommend that it be dismissed as procedurally defaulted.

The Court should nevertheless dismiss this claim under the highly deferential standards established by the AEDPA.  "[E]vidence is sufficient to support a conviction whenever, 'after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Parker v. Matthews*, ___ U.S. ___, 132 S. Ct. 2148, 2152 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Habeas courts are very deferential to a state appellate court decision that has found evidence sufficient to support a conviction.  *Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir. 1996).  We "will not disturb a conviction if the evidence rationally supports two conflicting hypotheses." *Id.*

To prove that Browder was guilty of aiding and abetting third-degree criminal sexual conduct, the state needed to prove that he "intentionally aid[ed]" another person in committing the charged conduct, Minn. Stat. § 609.05, subd. 1 (aiding and abetting liability), which in this

case involved sexually penetrating a victim who "the actor kn[ew] or ha[d] reason to know . . . [was] mentally impaired, mentally incapacitated, or physically helpless." Minn. Stat. § 609.344, subd. 1(d) (defining the relevant conduct for third-degree criminal sexual conduct). As noted above, the Minnesota Court of Appeals rejected Browder's insufficiency-of-the-evidence claim based on allegedly inconsistent witness testimony because "[t]he jury was free to believe or disbelieve any portion of any witness's testimony, whether or not inconsistent with other testimony." *Browder*, 2015 WL 853446, at *6.

Reviewing the evidence in the light most favorable to the prosecution, the Minnesota Court of Appeals did not reach a decision that involved an unreasonable application of, or was contrary to, clearly established federal law. There was substantial evidence at trial that the victim, J.H.B., was physically helpless and had a blood-alcohol concentration of 0.27 at the time of the commission of Browder's aiding-and-abetting crime. The evidence at trial also included witness testimony that would allow a rational trier of fact to conclude that Browder's acquaintance, Carlson, had penetrated the physically helpless and inebriated J.H.B. and that Browder had intentionally aided Carlson in the commission of that crime. It was appropriate for the Minnesota Court of Appeals to defer to the jurors' conclusion that Browder was guilty of the crime because this evidence would allow a rational fact-finder to conclude that the state had proved Browder committed the crime beyond a reasonable doubt. Applying the "great deference" to the state court's conclusion that we must, *Hill v. Norris*, 96 F.3d at 1088, even if the allegedly inconsistent witness testimony concerning the sexual assault of J.H.B. would support a conflicting hypothesis, that would not entitle Browder to habeas relief. Because the state appellate court's decision to defer to the jury's finding of guilt was not an objectively unreasonable application of the already deferential standard for reviewing the sufficiency of the

evidence, Browder's third claim lacks merit, and his petition should be denied with respect to that claim.

### D. Conclusion

Based on the foregoing, the Court concludes that Browder's first claim, his second claim, and his fourth claim are procedurally defaulted and should be dismissed. His third claim, which challenges the sufficiency of the evidence to convict him of aiding and abetting third-degree criminal sexual conduct, is meritless and his petition should be denied with respect to that claim.

### III.   Browder's Fifth Claim – Denial Of His Motion To Correct Or Reduce His Sentence

As this Court observed in its December 8, 2015 order granting Browder's application to proceed *in forma pauperis*, the "fifth ground in [Browder's] petition appears to still be pending before the Minnesota state courts." (Doc. No. 5 at 1.) Ordinarily, this would render Browder's petition a mix of exhausted and unexhausted claims, requiring dismissal under *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the fifth ground appeared to present a purely state law claim, which would make a mixed-petition-dismissal inappropriate. *May v. Maschner*, 668 F. Supp. 1305, 1309 (W.D. Mo. 1987) (citing *Hall v. Iowa*, 706 F.2d 283, 287 (8th Cir. 1983). Thus, we invited the respondents to file a motion to dismiss in lieu of a more complete answer. (Doc. No. 5 at 1–2.)

Based on the record now before the Court, it is apparent that Browder's fifth claim for relief is indeed a purely state law claim. In August 2015, Browder presented the state district court with a notice of motion and motion for correction and reduction of his sentence under Minnesota Rule of Criminal Procedure 27.03, subd. 9. (Resp't's App. 494–95.) Petitioner's motion does not present any issue of federal law concerning his sentence. (*Id.*) The state district court denied his motion on September 30, 2015 (*id.* at 496), and an identical motion on

November 13, 2015 (*id.* at 497–99).  Browder's request for habeas relief relating to the state court's refusal to correct or reduce his sentence based on this Minnesota Rule of Criminal Procedure does not allege that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Thus, he is not entitled to habeas relief based on his fifth claim for relief.  This claim should be dismissed with prejudice.

## IV.   Certificate Of Appealability

If the District Court adopts this Report and Recommendation, Browder must seek a Certificate of Appealability ("COA"), if he wishes to appeal to the Eighth Circuit Court of Appeals.  Fed. R. App. P. 22(b).  Federal district courts cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Armstrong v. Hobbs*, 664 F.3d 1137, 1143 (8th Cir. 2011) *reh'g granted, judgment vacated* (Jan. 23, 2012), *on reh'g*, 698 F.3d 1063 (8th Cir. 2012).  "Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."  *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir.1 994).  To make a substantial showing of the denial of a constitutional right, the petitioner must show that the issues to be raised on appeal are debatable among reasonable jurists or that a different court could resolve the issues differently, or that the issues otherwise deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).

The issues raised here are straightforward, and it is unlikely, given the very deferential habeas standard of review, that another court would resolve the issues differently.  This Court therefore recommends that if the District Court adopts this Report and Recommendation, a COA should not issue.

**RECOMMENDATION**

For all the foregoing reasons, the Court makes the following **RECOMMENDATIONS**:

1. The habeas petition (Doc. No. 1), should be **DENIED**;

2. The respondent's motion to dismiss (Doc. No. 6) should be **GRANTED**;

3. This case should be **DISMISSED WITH PREJUDICE**; and

4. A Certificate of Appealability should **NOT BE ISSUED**.


Date: April 1, 2016

      s/ Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.