UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Spidel Browder,                                          Civ. No. 15-4071 (PAM/JJK)

                Petitioner,

v.                                                       **MEMORANDUM AND ORDER**

Lino Lakes and Department
of Corrections,

                Respondents.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated April 1, 2016. In the R&R, the Magistrate Judge recommends dismissal of Petitioner's Petition for a Writ of Habeas Corpus with prejudice. Petitioner filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on its de novo review, the Court adopts the R&R.

**BACKGROUND**

Spidel Browder was arrested in July 2013 and later charged in Hennepin County with aiding and abetting third-degree criminal sexual conduct under Minn. Stat. §§ 609.05, subd. 1, .344, subd. 1(d) (mentally or physically helpless complainant) (2012). State v. Browder, No. A13-1863, 2015 WL 853446, at *1 (Minn. Ct. App. Mar. 2, 2015). After Browder disclosed his intention to assert defenses of consent and voluntary

intoxication, the court held a Rasmussen hearing, where it heard arguments regarding a voluntary-intoxication jury instruction. Id. The court deferred its ruling until trial. Id. The court ultimately denied the jury instruction, concluding that Browder was not entitled to it because he denied engaging in any wrongful conduct rather than offering intoxication to explain his criminal conduct. Id. at *2. In December 2013, a Hennepin County jury found Browder guilty of aiding and abetting third-degree criminal sexual conduct. Id. He was sentenced to a 74-month term of imprisonment. Id. The remaining facts are summarized in the Minnesota Court of Appeals's Order and the R&R and will not be repeated here. See id.

The R&R rejects each of Browder's claims, namely that: (1) the district court erred by failing to give a voluntary intoxication instruction, (2) expert witnesses coerced the jury to return a guilty verdict, (3) there was not enough evidence to support a guilty verdict, (4) prosecutorial misconduct led to his conviction, and (5) this Court should reduce his sentence.

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court may exercise only "limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in

custody pursuant to a state-court judgment, provides that a habeas petition will only be granted where the petitioner "has exhausted the remedies available" in state courts. § 2254 also provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### a) Browder's prosecutorial conduct claim was procedurally defaulted

Citing Duncan v. Henry, 513 U.S. 364, 365 (1995), Browder objects to the R&R's finding that he did not present the federal nature of his prosecutorial misconduct claim to the Minnesota Supreme Court. According to Browder, a habeas petitioner need not have explicitly invoked the phrase "due process of law" to raise a federal due process claim on direct appeal. Browder contends that because he alleged that prosecutorial misconduct deprived him of the right to a fair trial, he adequately alerted the Minnesota Supreme Court to his assertion of a federal due process claim. But Duncan does not support his position. In fact, the Duncan language Browder cites comes from the district court decision that Duncan reversed. Contrary to Browder's assertion, the Supreme Court held that petitioners must alert state courts to their assertion of a federal claim:

3

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Id. at 365-66. The Eighth Circuit Court of Appeals has reiterated this principle several times, among them, in Murphy v. King:

> In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts.

652 F.3d 845, 849 (8th Cir. 2011) (citations omitted) (internal quotation marks omitted). Because Browder "did not cite a federal constitutional provision, rely on federal case law, or cite to a state case addressing a pertinent federal constitutional issue." (R&R (Docket No. 11) at 9), the R&R correctly deems Browder's prosecutorial misconduct claim procedurally defaulted under State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976) ("[A]ll matters raised [on direct appeal], and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief.").

   b) **Newly-raised ineffective-assistance-of-appellate-counsel claim**

Browder next objects to the R&R's rejection of his prosecutorial misconduct claim because, according to Browder, the Minnesota Rules of Court bar petitioners from submitting pro se briefing to the Minnesota Supreme Court. Here, Browder appears to argue that because he was not invited to supplement the petition for review in the Minnesota Supreme Court with pro se briefing, he was denied the ability to assert a federal due process claim. Although couched as an objection to the R&R's prosecutorial

misconduct analysis, Browder's objection is in essence an ineffective-assistance-of-appellate-counsel argument, one that Browder did not raise in his habeas petition. Because Browder raises this argument for the first time in his objections to the R&R, the Court will not entertain it.

### c) Additional prosecutorial misconduct argument

Browder's final objection to the R&R's analysis of his prosecutorial misconduct claim is that it was reversible error for the prosecutor to tell the jury that Browder's intoxication or lack thereof was irrelevant. As discussed above, Browder's prosecutorial misconduct claim is procedurally defaulted because he did not identify violation of any federal constitutional right on direct appeal to the Minnesota Supreme Court with respect to this claim.

### d) Insufficiency-of-the-evidence claim

Browder next objects to the R&R's denial of his insufficiency-of-the-evidence claim. The R&R concludes that even under the AEDPA's highly deferential standards, this claim should be dismissed because habeas courts "are very deferential to a state appellate court decision that has found evidence sufficient to support a conviction." (R&R at 11 (citing Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996).) The Court must presume that "a determination of a factual issue made by a State court" is correct, and the burden remains on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." § 2254(e)(1). Browder's objection to the R&R in relation to this claim simply repeats his version of the facts stated in his Petition. In doing this, Browder has failed to rebut the presumption that the jury correctly settled factual issues.

5

### e) Voluntary intoxication jury instruction claim

Finally, Browder argues that the jury instructions were improper with respect to the level of intent that the State was required to prove to secure a conviction. According to Browder, the state did not prove beyond a reasonable doubt that he had the specific intent to assist another in committing a crime. This objection rearticulates his first habeas claim, that the district court erred by failing to give a voluntary intoxication instruction. The R&R determined that this claim was procedurally defaulted, because Browder did not raise it on direct appeal. (R&R at 6.) For the reasons discussed above, Browder's failure to raise this claim on direct appeal bars him from raising the claim on habeas review.

### f) Certificate of appealability

To appeal an adverse decision on a § 2254 motion challenging a state-court conviction, the petitioner must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). The Court therefore declines to issue a certificate of appealability.

**CONCLUSION**

Browder has no remedy under § 2254 because most of his claims are procedurally defaulted, and those that are not do not establish that the state courts unreasonably applied federal law to the evidence.  Accordingly, **IT IS HEREBY ORDERED that:**

1. The R&R (Docket No. 11) is **ADOPTED**;

2. Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. Respondent's Motion to Dismiss (Docket No. 6) is **GRANTED**;

4. This action is **DISMISSED with prejudice**;

5. No evidentiary hearing is required in this matter; and

6. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Wednesday, July 27, 2016</u>

                                                         *s/ Paul A. Magnuson*
                                                         Paul A. Magnuson
                                                         United States District Court Judge